UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATHINA BOURLAS, on behalf of herself and            )
all others similarly situated,                      )
                                                    )
                                                    )
                            Plaintiff,              )
                                                    )
            -against-                               )
                                                    )   CV 05-4548 (VVP)
DAVIS LAW ASSOCIATES,                               )
RUSSELL DAVIS, individually and                     )   CLASS ACTION
doing business as DAVIS LAW ASSOCIATES,             )
NIKKI DELL'ARA, individually and                    )
doing business as DAVIS LAW ASSOCIATES,             )
and MAUREEN SUNDSTROM,                              )
                                                    )
                            Defendants.             )
------------------------------------------------------------X

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff Athina Bourlas and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendants for final approval of the Class Action Settlement Agreement (the "Agreement"), dated May 16, 2006. Based upon Plaintiffs' counsel's certification in support of final approval and in support of their application for fees, the Court finds that:

A.   The total number of Class Members is 2834.

B.   Notice was sent by first class mail to 2834 persons at their last known mailing address using Accessible Contact Information.

C.   The United States Postal Service returned 544 Notices to the Settlement Administrator, Accu Data Corp., as undeliverable. Accu Data Corp. forwarded 45 returned Notices to forwarding addresses provided by the United States Postal Service.

D.   No Class Members objected to the Settlement.

E.  No Class members chose to opt-out of the Settlement, which is less than the maximum of 15 opt-outs allowable under the Agreement.

F.  A total of 177 Class Members timely returned a claim form for a *pro rata* cash payment from the $20,759.00 statutory damages fund. Each Class Member will receive $117.28.

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  Definitions. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement dated as of May 16, 2006, and attached as Exhibit "A" to the Parties' Joint Motion for Preliminary Approval.

2.  Notice. The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3.  Final Approval. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A.  The Parties are directed to implement the settlement in accordance with its terms. Payment of $1,000 shall be made to Athina Bourlas, the Class Representative. Payment of the $20,759.00 settlement fund is to be made on a *pro rata* basis by issuing separate settlement checks to each of the 177 class members who timely returned claim forms. Settlement checks to the Class Members shall expire 90 days from the date they are issued *and notice of such expiration shall accompany the checks*. To the extent that there

2

are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such uncashed checks will be paid over as a *cy pres* award to Class Counsel to be distributed fifty percent to the Neighborhood Economic Development Advocacy Project (NEDAP) in New York City and fifty percent to the Empire Justice Center in Albany, New York.

B. The Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties.

C. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D. Upon the Final Approval of the Settlement Agreement, the Class Representative and all Class Members shall be deemed to have and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

E. Nothing herein shall alter, amend, or terminate the right of Defendants and their clients to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which any or all of Defendants and their clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which any or all of Defendants and their clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the contractual obligations of any Settlement Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendants.

4. Injunction. The Court bars and permanently enjoins all Class Members from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims.

5. Defendants' Denial of Liability. The Court notes that Defendants deny any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

6. Jurisdiction. The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendants. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Judgment.

7. Attorneys' Fees. After reviewing Class Counsel's certification for fees and in support of final approval, the Court awards to Class Counsel Attorneys' Fees and costs in the total amount of $15,000.00 at their current hourly rate.

8. Timing of Payments or Consideration. No later than 14 days after the Entry of Judgment becomes final as defined by paragraph 13 of the Class Action Settlement Agreement and Release, settlement checks shall to be distributed to all class members who have timely returned a claim form and Defendants shall pay $1,000 to Athina Bourlas and $15,000.00 to Class Counsel for Attorneys' Fees.

9. <u>Entry of Judgment</u>. There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

SO ORDERED this 30th day of March, 2007.

/s/ Viktor V. Pohorelsky
———————————————
Viktor V. Pohorelsky, U.S.M.J.

1919549 v1

5